# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | CASE NO. 3:03CR198(RNC) |
| STEVEN FONTANEZ<br>58 Hemlock Street<br>West Haven, CT 06516 | H. Gordon Hall, Assistant U.S. Attorney<br><br>Auden Grogins<br>Defendant's Attorney |

DOB: 08-10-71

The defendant waived indictment and pled guilty to a one count substitute information after a plea of not guilty to an indictment. Accordingly, the defendant is adjudged guilty of count one, which involves the following offense:

Title & Section: 21 U.S.C. § 841(a)(1) and 846          Count: one
Nature of Offense: Conspiracy to Possess with Intent to Distribute 100 Grams or More of Heroin
Date Offense Concluded: July 24, 2003

The sentence is imposed pursuant to the Sentencing Reform Act of 1984 based on information provided to the Court pursuant to Rule 32 of the Federal Rules of Criminal Procedure.

The defendant is hereby sentenced to the custody of the United States Attorney General or his duly authorized representative to be imprisoned for a term of 60 months. The defendant will receive credit for the time he has already served. The court recommends to the Bureau of Prisons that the defendant be allowed to participate in the 500 Hour Comprehensive Drug Treatment Program at his earliest eligibility. Upon release from custody, the defendant will be on supervised release for a term of 10 years with the following special conditions: (1) the defendant will participate in a program of substance abuse monitoring, counseling, and treatment under the direction of the Probation Office; (2) the defendant will participate in a program of mental health evaluation, counseling, and treatment under the direction of the Probation Office; the defendant will pay all, or a portion of, the costs associated with his participation in these programs based on his ability to pay, in an amount to be determined by the Probation Office; and (3) the defendant will participate in a program of educational or vocational training under the direction of the Probation Office.

It is further ordered that the defendant will notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. In addition to the special conditions of supervised release imposed above, it is hereby ordered that the general conditions of supervised release set out on the reverse side are also imposed.

Count one of the indictment is dismissed on the oral motion of the United States.

The defendant will pay a special assessment of $100 for count one, which will be paid through his work within the Bureau of Prisons pursuant to the Financial Responsibility Program.

It is so ordered.

April 5, 2005
Date of Imposition of Sentence

_____
Robert N. Chatigny, U.S.D.J    Date: April 5, 2005

**CERTIFIED AS A TRUE COPY**
**ON THIS DATE** _____
Kevin F. Rowe, Clerk
BY: _____
    *Deputy Clerk*

## STANDARD CONDITIONS OF SUPERVISED RELEASE/PROBATION

While on supervised release or probation, the defendant shall abide by the following conditions in addition to any special conditions set by the court:

1) The defendant shall not commit another federal, state, or local crime;
2) The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons; and shall submit a truthful and complete written report within the first 5 days of each month;
3) The defendant shall pay any such restitution and fines that remains unpaid at the commencement of the term of supervised release;
4) The defendant shall not leave the judicial district without the permission of the court or probation officer;
5) The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
6) The defendant shall support his or her dependents and meet other family responsibilities;
7) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
8) The defendant shall notify the probation officer within 72 hours of any change in residence or employment;
9) The defendant shall not possess a firearm or destructive device.
10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
13) The defendant shall permit a probation officer to visit him/her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
14) The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
15) The defendant shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

---

**RETURN**

I have executed this judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____ to _____ at
_____, with a certified copy of this judgment.

                John F. Bardelli
                United States Marshal

              By: _____
                Deputy Marshal